CHARLES CROFTS, plaintiff in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to McHenry.*

An indictment which charged that Charles Crofts, " a certain falsely made, forged, and counterfeited check, for the payment of money, called a Canal Check, feloniously did utter, publish, and pass,"— which check was set out in the indictment in *hæc verba,* and was for $ 100, drawn on the Branch Bank in Chicago, payable ninety days after date, to the order of the Treasurer of the Illinois and Michigan Canal, signed by the President, and countersigned by the Acting Commissioner, and endorsed in blank by the Treasurer,— " with intent to defraud the Board of Canal Commissioners of the Illinois and Michigan Canal, he, the said Charles Crofts, then and there well knowing the said check to be forged and counterfeited," &c., was held to be sufficient.

The Canal Commissioners had full power to issue checks payable ninety days after date, and the counterfeiting of such checks is forgery under § 73 of the Criminal Code.

Equally so, under § 77 of the same Code, is the passing of such checks, knowing them to be false and counterfeited, with intent to defraud.

THE plaintiff in error was indicted at the August term, 1839, of the Cook Circuit Court, for forgery. He pleaded not guilty. A change of venue was taken to McHenry county, and at the April term, 1840, of the McHenry Circuit Court, the Hon. John Pearson presiding, the defendant was convicted, and sentenced to the peni-

tentiary for one year. A motion in arrest of judgment was made by the defendant, and overruled by the Court.

The indictment charges that the plaintiff in error, on the "twelfth day of July, in the year of our Lord one thousand eight hundred and thirty-nine, in the county aforesaid, [Cook,] a certain falsely made, forged, and counterfeited check, for the payment of money, commonly called a Canal Check, feloniously did utter, publish, and pass," which instrument is set forth in the indictment in *hæc verba*, directing the "Branch of the State Bank of Illinois, at Chicago, ninety days after date, to pay to the order of John A. McClernand, Treasurer of the Illinois and Michigan Canal, one hundred dollars, and charge the same to the Canal Fund;" dated Lockport, May 1st, 1839, and signed W. F. Thornton, President, and countersigned Jacob Fry, Acting Commissioner, and endorsed in blank, John A. McClernand. Three checks of the same tenor are included in each count in the indictment. The first count concludes, after setting forth the description, as follows: "with intent to defraud the Board of Canal Commissioners of the Illinois and Michigan Canal, he, the said Charles Crofts, then and there, well knowing the said several checks to be forged and counterfeited, contrary," &c.

The other count describes the offence in the same manner as the first, excepting as to the intent to defraud.

G. Spring and G. Goodrich, for the plaintiff in error, contended, that the Commissioners had no authority to draw the instrument named in the indictment. They had authority to draw checks on the Bank where the Canal Fund should be deposited. Acts of 1839, 179.

A check is a written order, or request, addressed to the person carrying on the business of banks, and drawn upon them by a party having money in their hands, requesting them to pay on presentment, to a person therein named, or to bearer, a named sum of money. Chitty on Bills 322.

If the Commissioners had no authority to draw instruments like those described in the indictment, the instrument, if genuine, would be null and void, and not the subject matter of forgery. An instrument, void on its face, is not the subject matter of forgery. Roscoe's Crim. Ev. 390; People *v.* Shall, 9 Cowen 778.

The indictment is bad for not describing the offence within the language of the statute. It should have charged the plaintiff with uttering the checks as true and genuine. R. L. 186; Gale's Stat. 211.

It is generally necessary not only to set forth on the record, all the circumstances which make up the statutory definition of the offence, but also to preserve the precise and technical language in

which they are expressed.    Chit. Crim. Law, 280, 281, 282, 283.

A. HUNTINGTON, State's Attorney, for the defendants in error, relied on Russell on Crimes 317; § 73 of Crim. Code.

SMITH, Justice, delivered the opinion of the Court : .

Exceptions are taken to the authority of the Canal Commissioners to issue checks of the character described in the indictment, which are charged to have been counterfeited and passed by the accused.

We have not the least doubt that the Commissioners had full power and legal authority to draw drafts of the character described in the indictment ; and that the counterfeiting of such drafts or checks, is the commission of the crime of forgery, contemplated in the 73d section of the Criminal Code.

Equally so, is the passing of counterfeited checks or drafts of the Commissioners, of the character described, with an intent to defraud any person, or body politic or corporate, knowing the same to be false and counterfeited, embraced in the 77th section of the same code.

The checks described in both counts of the indictment, are, it is well understood, securities for the payment of money, in the accustomed form, and they are averred to have been counterfeited ; and the accused, well knowing that fact, did utter and pass the same with the intent to defraud the Board of Canal Commissioners, and the people of the State of Illinois.

The indictment, though concise, is free from exception, and no reasons are perceived why the judgment should have been arrested.

*Judgment affirmed.*